## CASIANO ILAGA *v.* YUEN LIN HO AND COMMERCIAL CASUALTY COMPANY.

### No. 2441.

ARGUED JUNE 21, 1940.                    DECIDED JULY 10, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

This cause is here on defendants' exceptions, all of which relate either to the sufficiency of the evidence or to the findings of facts by the court to entitle the claimant to the judgment affirming an order of the industrial accident board awarding him compensation under the Workmen's Compensation Law.

The claimant, Casiano Ilaga, having been awarded compensation for personal injuries by the industrial accident board, the defendants appealed to the circuit court where a trial, jury waived, was had, which resulted in an affirmance of the award.

It is admitted by all the parties that the defendant Yuen Lin Ho, a general contractor, was building a house for one Henry Chang and that the defendant Commercial Casualty Company was his insurance carrier; that the contractor sublet the masonry work and cesspool to E.

Wery, who in turn sublet the digging of the cesspool to Francisco de la Cruz. The claimant was injured by a premature blast while engaged as a laborer in digging the cesspool. A sharp controversy arose as to the relationship of the claimant and de la Cruz in the digging of the cesspool. The claimant contended that he was employed by de la Cruz at a daily wage and the defendants contended that the claimant and de la Cruz were copartners and the claimant therefore an independent contractor.

Before the introduction of any evidence in the circuit court, the following stipulation was, with the court's approval, entered into by Mr. Anthony, attorney for the claimant, and Mr. Heen, attorney for the defendants:

"MR. ANTHONY: I would also like to have a stipulation recorded of record to the effect that the claimant was injured as found by the Board, and there is no question about the degree and permanency of his injury, and the medical testimony may be dispensed with.

"MR. HEEN: So far as the injury is concerned; I don't know about the permanency and so forth, and so on, and when total disability ceased.

"MR. ANTHONY: I might state this, that the case, so far as the Accident Board is concerned, is still an open case; they have not closed the case as yet, and have not determined the permanency of the injury. What I want you to agree to is the fact of the injury, at the time and place, as found by the Board, leaving this issue, which I understand to be the issue, whether or not this claimant is an employee within the meaning of the act.

"MR. HEEN: That is correct, if the Court please, that is the main issue of the case. Whether the other issues will have to be determined by this Court or not, I don't know for sure; as to the period of the total disability and when the permanent-partial disability commenced.

"MR. ANTHONY: I think with that stipulation we can proceed, your Honor.

"MR. HEEN: As far as the injury is concerned, there is no quarrel over that.

"THE COURT: Let that be stipulated, so far as that is a record in the case. Do I understand the only issue before the Court is the question of employment?

"MR. HEEN: That is the main issue; whether the other matters are involved I am not certain at this time.

"MR. ANTHONY: If you feel there is any further issue you will advise the Court, and we will proceed to trial on that issue.

"MR. HEEN: Yes, if those are involved.

"THE COURT: At the present time the only issue is that one; until you so notify the Court that the others will be presented, is that correct?

"MR. HEEN: That is correct."

Both parties having rested without counsel for defendants having called any further issue to the attention of the court, the following occurred:

"MR. HEEN: I would like to argue the facts and the law, unless your Honor is satisfied that the law in this jurisdiction is settled. Of course we know what the law is. We claim that there was a partnership arrangement in this case.

"THE COURT: I understand the issues of this case to be simply a question of whether or not the claimant, Casiano Ilaga, was an employee within the purview and meaning of the Workmen's Compensation Act, or, as claimed by the defense, he was a partner, a co-independent contractor, with de la Cruz.

"MR. HEEN: That is correct.

"THE COURT: De la Cruz is obviously an independent contractor, under contract, and the question is entirely one of facts and circumstances surrounding the

employment, and that is the only issue?

"MR. HEEN: That is correct."

The court found on conflicting evidence that the claimant was, as claimed by him, an employee of de la Cruz and not his partner, as claimed by defendants.

The defendants, in their opening brief, admitted that there was sufficient evidence to sustain the finding of employment and that said finding is binding on this court. Thereupon, the claimant moved this court to dismiss the exceptions, or, in the alternative, affirm the judgment of the circuit court setting up the stipulation limiting the issue as the ground of his motion.

Counsel for defendants admit that if the stipulation be construed as limiting the issue to the single question of whether the claimant was an employee of de la Cruz, as claimed by him, or was his partner, as claimed by defendants, the motion should be granted.

If what took place prior to the introduction of evidence fell short of making it clear that the issue was limited to the one question of whether the claimant was an employee or partner of de la Cruz, the colloquy between the court and counsel for the defendants, after the parties rested, makes it clear to our mind that both the court and counsel understood that all facts necessary to a decision in favor of the claimant were admitted, except those bearing on the question of whether the claimant was an employee of de la Cruz, as claimed by him, or was, as claimed by the defendants, a partner of de la Cruz.

It being clear, and counsel having admitted, that the decision on the only issue tried below is supported by the evidence, the motion to dismiss the exceptions is granted.

*M. K. Ashford* (*W. H. Heen* and *W. Wight* with her on the briefs) for defendants.

*J. G. Anthony* (*Robertson, Castle & Anthony* on the briefs) for claimant.